IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COHO LICENSING LLC, | |
| Plaintiff, | No. C 14-01576 JSW |
| v. | |
| GLAM MEDIA, et al., | **ORDER REGARDING MOTIONS TO STAY** |
| Defendants. | |
| RELATED CASES | No. C 14-01577 JSW<br>No. C 14-01578 JSW<br>No. C 14-01579 JSW<br>No. C 14-02127 JSW<br>No. C 14-02128 JSW<br>No. C 14-02130 JSW<br>No. C 14-02131 JSW<br>No. C 14-02132 JSW<br>No. C 14-02718 JSW |

Now before the Court are the motions to stay in the above captioned cases pending the United States Patent & Trademark Office Patent Trial and Appeal Board's ("PTAB") decision on whether to grant or deny the petitions for *inter partes* review ("IPR") challenging the validity of the patents-in-suit. These motions are fully briefed and ripe for decision. The Court finds these matters are suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for September 26, 2014 is HEREBY VACATED. Having considered the parties' pleadings and relevant legal authority, for the reasons set forth in this Order, the Court GRANTS four of the motions to stay and CONDITIONALLY GRANTS the other six motions to stay.

**BACKGROUND**

Coho Licensing LLC ("Coho") filed the above captioned actions against defendants AOL Inc. ("AOL"), Glam Media Inc., Ning Inc., LinkedIn Corp., Rovi Corp., and Twitter, Inc. (collectively referred to as "Defendants"). On May 16, 2014, AOL filed petitions for IPR challenging the validity of all the claims of United States Patent Nos. 8,024,395 ("the '395 Patent") and 8,166,096 ("the '096") and on June 17, 2014, AOL filed a petition for IPR challenging the validity of all claims of United States Patent No. 8,667,065 ("the '065 Patent"). Defendants now move to stay the above captioned cases pending the IPR. Any additional facts will be addressed as necessary in the remainder of this order.

**ANALYSIS**

**A.   Applicable Legal Standards.**

The patent reexamination statute provides in pertinent part that "[a]ny person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301." 35 U.S.C. § 302. The PTO must "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request . . . ." 35 U.S.C. § 303(a). The reexamination statute further provides that "[a]ll reexamination proceedings . . . including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch." 35 U.S.C. § 305.

"Courts have inherent power to manage their dockets and stay proceeding, including authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted). The determination of whether to grant a stay pending the outcome of the USPTO's reexamination is soundly within the Court's discretion. *See In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985)).

When ruling on such a stay, courts consider several factors: (1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in question and streamline the

trial, thereby reducing the burden of litigation on the parties and on the court. *Id.* There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entertainment*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

On balance, the Court finds these factors weigh in favor of staying this matter.

**B.     The Applicable Factors Weigh in Favor of a Stay.**

**1.     The Litigation is Still in the Early Stages.**

The early stage of a litigation weighs in favor of granting a stay pending reexamination. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time . . . invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp.*, 844 F. Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial).

These cases are still in their early stages. Claims construction briefing has not yet been filed, no discovery has occurred yet, and these cases have not been set for trial yet. In fact, this Court has not even held a case management conference yet. The Court finds that the fact that these cases are still in the early stages weighs in favor of granting a stay. *See Target Therapeutics*, 33 U.S.P.Q.2d at 2023.

**2.     A Stay Will Not Unduly Prejudice Coho.**

In determining whether to grant a stay, courts consider any resulting undue prejudice on the nonmoving party. *See In re Cygnus Telecom.*, 385 F. Supp. 2d at 1023; *see also Affinity Labs of Texas v. Apple, Inc.*, 2010 WL 1753206, *2 (N.D. Cal. Apr. 29, 2010) . The likely length of the reexamination does not generally, by itself, constitute undue prejudice. *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006). Similarly, delay in having a party's own claims adjudicated in court does not constitute undue prejudice. *Research in Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008). Coho merely argues that it would be prejudiced by the delay incurred, which is insufficient to demonstrate undue prejudice.

3

### 3. A Stay Will Simply the Issues, Streamline the Trial, and Reduce the Burden of Litigation on Both the Parties and the Court.

A stay pending reexamination is justified where "the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try infringement issues." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998).  A stay may also be granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources.  To the extent claims survive the reexamination process, the reexamination would "facilitate trial by providing the Court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics*, 33 U.S.P.Q.2d at 2023; *see also Pegasus Dev. Corp. v. DirecTV, Inc*., 2003 WL 21105073, at *1-2 (D. Del. May 14, 2003) (noting the benefits of granting a stay pending reexamination include potentially narrowing the issues, reducing the complexity and length of trial, alleviating discovery problems relating to prior art, and encouraging settlement or even dismissal if the patent is declared invalid).

Here, the AOL has sought IPR for all of the claims on the patents in suit.  Accordingly, the PTAB's review of the petitions, if granted, could potentially streamline invalidity, claim construction, and infringement issues in this action.  Development of the *inter partes* review record may also clarify claim construction positions for the parties, raise estoppel issues, and encourage settlement.[1]  The fact that the PTAB has not yet determined whether it will grant the requests for IPR does not alter the Court's findings.  *See Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837, *3 (N.D. Cal. Jan. 23, 2014) (rejecting argument that it was unclear whether the review would simplify the case because the IPR had not yet been granted).

---

[1] The Court notes that Rovi has agreed to be estopped from asserting any invalidity contention that was actually raised and finally adjudicated in the IPR's initiated by AOL.  The Court is requiring this agreement as a condition to the stay.  Moreover, the Court HEREBY conditions the stay in Civil Case Nos. 14-1576 and 14-2128, *Coho Licensing LLC v. Glam Media Inc. and Ning Inc*., Civil Case Nos. 14-1577 and 14-2131, *Coho Licensing LLC v. LinkedIn Corp*., and Civil Case Nos. 14-2132 and 14-2718, *Coho Licensing LLC v. Twitter, Inc*. on an agreement from Glam Media Inc., Ning Inc., LinkedIn Corp., and Twitter, Inc. to be estopped from asserting any invalidity contention that was actually raised and finally adjudicated in the IPR proceedings.

4

The Court finds that staying these actions pending reexamination would simplify the issues and streamline the trials, thereby reduce the burden on and preserve the resources of the parties and the Court. Therefore, this factor weighs in favor of a stay as well.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motions to stay in Civil Case Nos. 14-5178 and 14-2127, *Coho Licensing LLC v. AOL Inc*. and Civil Case Nos. 14-1579 and 14-2130, *Coho Licensing LLC v. Rovi Corporation.*. The Clerk shall ADMINISTRATIVELY CLOSE these cases.

The Court CONDITIONALLY GRANTS the motions to stay in Civil Case Nos. 14-1576 and 14-2128, C*oho Licensing LLC v. Glam Media Inc. and Ning Inc*., Civil Case Nos. 14-1577 and 14-2131, *Coho Licensing LLC v. LinkedIn Corp*., and Civil Case Nos. 14-2132 and 14-2718, *Coho Licensing LLC v. Twitter, Inc*. on an agreement from Glam Media Inc., Ning Inc., LinkedIn Corp., and Twitter, Inc. to be estopped from asserting any invalidity contention that was actually raised and finally adjudicated in the IPR proceedings. Glam Media Inc., Ning Inc., LinkedIn Corp., and Twitter, Inc. must indicate to the court by no later than September 23, 2014 whether or not they agree to be bound by such estoppel. In the cases in which all of the defendants agree to be estopped by this deadline, the Court grants the motions to stay and these cases shall be administratively closed.

For the cases that are stayed, the Court HEREBY ORDERS the parties to submit a joint status report regarding the status of the reexamination proceedings every 120 days from September 23, 2014, until the stays are lifted. The parties shall provide notice to the Court within one week of final exhaustion of all patent reexamination proceedings relating to the

///
///
///
///
///
///

5

patents at issue, including appeals. In their notice, the parties shall request that the stay be lifted, the matter be reopened, and that a case management conference be scheduled.

**IT IS SO ORDERED.**

Dated: September 17, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE